F I L E D
Clerk
District Court

JUN 16 2023

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **U.S.A. FANTER CORPORATION, LTD.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,**<br><br>**Defendant.** | **Case No. 1:21-CV-00035**<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR WRIT OF EXECUTION** |

Plaintiff U.S.A. Fanter Corp., Ltd. ("USA Fanter") initiated this civil action against Defendant Imperial Pacific International (CNMI), LLC ("IPI") in October 2021. (Compl., ECF No. 1.) Although IPI filed its Answer (ECF No. 2 (stricken)), IPI's counsel Mr. Joey San Nicolas subsequently moved for withdrawal in June 2022 (ECF No. 17), which the Court granted (min., ECF No. 21). To date, no attorney has made an appearance on behalf of IPI. As a result of IPI's continued failure to appear and its discovery violations, the Court pursuant to Federal Rule of Civil Procedure 37 imposed sanctions and struck IPI's Answer. (ECF No. 27.) Default judgment was entered in favor of USA Fanter and against IPI on November 29, 2022. (Min., ECF No. 32; Order Granting Entry of Default Judgment, ECF No. 33.) A civil judgment ("Judgment") was filed the

next day in the amount of $226,127.05, plus post judgment interest at the applicable federal rate[1]

pursuant to 28 U.S.C. § 1961. (J., ECF No. 34.) No appeal was taken from USA Fanter's Judgment.

Now before the Court is USA Fanter's application for a writ of execution against IPI's

personal property, to wit motor vehicles which includes heavy equipment (ECF No. 35). In support

of USA Fanter's application for writ, USA Fanter included a proposed Notice of Writ of Execution

informing IPI of its rights. (ECF No. 35-2.) USA Fanter established that the entire amount of the

Judgment remains unsatisfied and therefore seeks a writ pursuant to Rule 69 of the Federal Rules of

Civil Procedure over IPI's personal property, specifically, its motor vehicles and heavy equipment.

(ECF Nos. 35-3 ¶¶ 3-5; 35-4; 35-6.) At a hearing on the motion, the Court orally granted the

application for a writ (min., ECF No. 36). The Court now sets forth its reasoning below.

Rule 69 of the Federal Rules of Civil Procedures states as follows:

> A money judgment is enforced by a writ of execution, unless the court directs
> otherwise. The procedure on execution—and in proceedings supplementary to and
> in aid of judgment or execution—must accord with the procedure of the state where
> the court is located, but a federal statute governs to the extent it applies.

The statutory law of the Commonwealth of the Northern Mariana Islands ("CNMI") provides a

procedure for enforcement of judgments by writ of execution. Specifically, 7 CMC § 4203, provides

that "[t]he court, at the request of the party recovering any civil judgment in that court for the

payment of money, shall issue a writ of execution against the personal property of the party against

whom the judgment has been rendered, except as provided in 7 CMC § 4210." The law is clear that

a party cannot request the court to issue a writ of execution against the real property of the party

against whom the judgment has been rendered. *Compare* 7 CMC § 4203 *with* 7 CMC § 4210; *see*

---

[1] The applicable federal interest rate was 4.76 per annum on November 30, 2022.

*also Red Coral Corp. v. Imperial Pac. Int'l (CNMI), LLC* No. 1:20-CV-00016, 2021 U.S. Dist. LEXIS 253632, at *3-4 (D. N. Mar. I. Oct. 12, 2021).

The intent of the legislature in enacting 7 CMC § 4210 was to prevent debtors from becoming "dependent on public benefits" and "wards of the state" by allowing the debtor to retain property necessary to "make a living."[2] However, the exceptions in 7 CMC § 4210 are not applicable to business entities. *Id.* IPI, who has been without legal counsel since its former counsel was granted his motion to withdraw in August 2022, failed to lodge an objection to the issuance of the writ on the basis that the motor vehicles are exempted property.

While there is precedent for properties in the CNMI that are exempted from a writ of execution, "Commonwealth statute[s] and court rules are silent as to the particular procedure to follow when enforcing a judgment through writ of execution*." J.C. Tenorio Ent., Inc. v. Lalaine J. Baltazar*, Civ. No. 96-1082 (NMI Super. Ct. Aug. 8, 2014) (Order Denying Motion Re: Enforcement of Money Judgment at 2). Albeit persuasive, and not binding, guidance was set forth by the Superior Court of the Commonwealth of the Northern Mariana Islands. "To comply with 7 CMC § 4204, the writ must include an accounting of the amount of money necessary to satisfy the judgment and applicable costs and fees and instructions for the levying officer. And, to comply with 7 CMC § 4210, the writ must be served on the judgment debtor, even in the case of default, and include notice of the exemptions and notice of an upcoming hearing on the exemptions." *Id.* at 3 n.1.

This Court must exercise discretion to ensure that it does not levy upon IPI's property in excess of the Judgment. "As a rule . . . a writ of execution is not leviable upon all the debtor's

---

[2] *Niranjan Mallick v. Saipan Hwa Rang Corporation dba Honeymoon Hotel and Cha Yung Soon*, Civ. No. 09-0523 (NMI Super. Ct. Aug. 1, 2013) (Order Denying Defendant's Motion to Quash Writ of Execution Because 7 CMC § 4210 Exemptions Do Not Apply to Business Entities at 5 (citing *Aurelio v. Camacho*, 2012 MP 21 ¶ 19)).

3

property if that would be more than sufficient to satisfy the execution." 30 Am. Jur. 2d Executions, Etc. § 122 (Aug. 2021) (citing *Beavans v. Groff,* N.E.2d 514 (Ind. 1937); *Griggs v. Miller*, 374 S.W.2d 119 (Mo. 1963)). The "question is whether the value of the property is excessive when compared to the amount in controversy … the underlying judgment." 30 Am. Jur. 2d Executions, Etc. § 122 (Aug. 2021). To satisfy the Judgment and the rule, the execution officer may make a division of the motor vehicles, if it is practicable, and sell only so much that the Judgment is met. *See Gordon v. Hickman*, 9 S.W. 920, 922 (Mo. 1888).

Here, IPI owns the motor vehicles which includes heavy equipment as described in Exhibit A. (ECF No. 35-3.) The estimated valuation of the motor vehicles at $1,051,304.00 was provided to this Court by USA Fanter. (ECF No. 35-4.) The amount was determined by using the Kelley Blue Book's[3] valuation of the motor vehicles in May of 2021 and the assumption that all the motor vehicles were in "optimal condition." However, the assumptions made in May 2021 are less applicable in light of the current circumstances. Two years have passed, and IPI's motor vehicles were not maintained, used, or stored in a manner to protect their value. The motor vehicles were not maintained on a regular basis, nor are they ever used. Instead, IPI's motor vehicles are rotting within IPI's casino resort basement parking and elsewhere. Due to the lack of maintenance or use, and the poor conditions where they are stored, the motor vehicles have significantly depreciated in value. Thus, the Court finds that the motor vehicles subject to the issuance of the writ in favor of USA Fanter is not excessive given the Judgment. Further, IPI did not file an objection to the issuance of the writ.

---

[3] Courts within the Ninth Circuit have taken judicial notice of the Kelley for the purposes of valuing motor vehicles because it is not subject to reasonable dispute. *See* Fed. R. Evid. 201; *See, e.g., Weisz v. Volkswagen Grp. Of Am,, Inc.*, 2016 U.S. Dist. LEXIS 189688, *3 (C.D. Cal. Nov. 30, 2016), *Ortega v. FCA US, LLC*, No. 1:18-CV-1440, AWI SAB, 2018 U.S. Dist. LEXIS 181028, at *4 n.2 (E.D. Cal. Oct. 22, 2018).

It is therefore ORDERED that the Clerk issue the Writ of Execution to the U.S. Marshals for the seizure of IPI's motor vehicles as further identified in the application for the writ (ECF Nos. 35-1; 35-4; 35-6) pursuant to 7 CMC § 4204. The Clerk shall also provide IPI notice of its rights. (ECF No. 35-2.)

IT IS SO ORDERED this 16th day of June, 2023.


_____
RAMONA V. MANGLONA
Chief Judge